IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMNI RESEARCH
FOUNDATION,

                Plaintiff,                OPINION & ORDER

   v.                                                14-cv-165-jdp

MEDIMMUNE, LLC,

                Defendant.

---

Plaintiff Wisconsin Alumni Research Foundation (WARF) licensed technology relating to an influenza vaccine to a division of Wyeth, the pharmaceutical company. Wyeth later assigned its rights under the license to defendant MedImmune, LLC. WARF contends that MedImmune owes royalties that it has not paid, and WARF filed this suit to collect them.

MedImmune would prefer to litigate in its home forum, the District of Maryland. Accordingly, MedImmune filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case under 28 U.S.C. § 1404(a). Dkt. 8. MedImmune has voluntarily withdrawn its challenge to personal jurisdiction, so the only issue before the court is whether transfer is warranted under § 1404(a). Transfer would, of course, afford some conveniences to MedImmune. But MedImmune has not established that, on balance, transfer to the District of Maryland would be clearly more convenient or in the interests of justice.

ANALYSIS

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." The parties agree that venue would be proper in either

the Western District of Wisconsin or the District of Maryland, and thus transfer would be permissible.

Evaluating a motion under § 1404(a) permits a flexible and individualized analysis that is not limited to a rigid set of factors, although many courts have itemized the typical considerations. *See, e.g., Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). As for the convenience of the parties, courts typically consider: the availability of and access to witnesses; each party's access to and distance from resources in each forum; the location of material events; and the relative ease of access to sources of proof. *Id*. The interests of justice is a separate element of the transfer analysis that concerns the efficient administration of justice. Courts typically consider docket congestion and likely speed to trial in the competing forums, each court's relative familiarity with the relevant law, the desirability of resolving the controversy in each locale, and the relationship of each community to the controversy. *Id*. It is possible that the interests of justice could so outweigh the convenience of the parties that transfer would be warranted to the less convenient forum.

The burden rests on the moving party, here MedImmune, to establish that the transferee forum is clearly more convenient or that the interests of justice require transfer. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). With these principles in mind, the court turns to the factors identified by the parties as those most pertinent to the transfer analysis in this case.

**A. Convenience**

    **1. WARF's choice of forum**

A plaintiff's choice of forum, particularly its home forum, is generally given deference because it is convenient for the plaintiff. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56

(1981). Unless the overall balance is strongly in favor of the defendant, the plaintiff's choice of its home forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003) (internal citations omitted). This factor counts against transfer, although it is not decisive if the other factors tip the other way.

2.  **Location of material events**

MedImmune contends that the primary events material to this case took place in Maryland, near where MedImmune made sales of vaccine to the U.S. government, the transactions giving rise to WARF's claim for royalties. WARF counters that important material events took place in Wisconsin, where the vaccine was developed and where WARF negotiated and executed the original contract with Wyeth.

The location of material events is a factor in the venue analysis, 28 U.S.C. § 1391(b)(2), but it is really a secondary issue in the convenience analysis. The primary importance of the location of material events is that it tends to correlate with the location of the witnesses and evidence and it might influence the interests of justice analysis. The court will consider those factors separately. Material events happened in both forums, but no set of events militates significantly in favor of either forum.

3.  **Sources of proof, including witnesses**

The location evidence can be a significant factor, particularly in the case of third-party witnesses, whose convenience is especially significant. MedImmune contends that this factor weighs in favor of transfer because MedImmune's records and employees are located in the District of Maryland. Dkt. 8, at 16-17, and Dkt. 29, at 7-8. MedImmune bears the burden to "'clearly specify the key witnesses to be called' and submit 'affidavits, depositions, stipulations,

3

or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony.'" *Gibson v. Unum Life Ins. Co. of Am.*, No. 10-cv-246, 2010 WL 3244901, at *2 (W.D. Wis. Aug. 16, 2010) (quoting *Generac Corp. v. Omni Energy Sys., Inc.*, 19 F. Supp. 2d 917, 923 (E.D. Wis. 1998)). As WARF points out, MedImmune is mostly vague about what records and employees will be needed for the case.

In its reply brief, MedImmune names one witness, Atul Saran, a former MedImmune executive who lives in Virginia and works in Maryland, who has knowledge of the execution of the government contract and the events leading up to it. Dkt. 29, at 4-5. Other than Mr. Saran, MedImmune vaguely points to "one or more current and/or former MedImmune employees who are located in Maryland" and the government. Dkt. 29, at 5-6. The court will not consider the convenience of unidentified witnesses. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

MedImmune's argument is not persuasive for two reasons. First, it has not shown that Mr. Saran (or other past and present MedImmune employees) would not voluntarily appear at trial for MedImmune. *C.f. Illumina*, 2009 WL 3062786, at *3 ("The location of the defendant's employee witnesses is not a heavily weighted factor because of the assumption that 'witnesses within the control of the party calling them, such as employees, will appear voluntarily,' that is, at least without subpoena.") (citations omitted). Second, the substantive issue that MedImmune identified for Mr. Saran was the government's claim that the vaccine was developed with federal funds, which prompted the government to invoke its Bayh-Dole rights, and which might give MedImmune a defense to WARF's claim for royalties. Mr. Saran might know something about the execution of MedImmune's contract with the government, but the evidence concerning whether the vaccine had been developed with federal funds would most likely be in Wisconsin, where the researchers developed the vaccine.

MedImmune points out that WARF has not identified its witnesses, either. Dkt. 29, at 5-6. Nevertheless, although the District of Maryland would be more convenient for Mr. Saran, the burden is on MedImmune to show that the District of Maryland is "clearly more convenient" for the witnesses generally. The court is not convinced by the limited information provided.

Although MedImmune does not specify what records will be needed for this case, the court will assume that MedImmune has some relevant documentary evidence (as would WARF). But both the Seventh Circuit and this court have held that modern technology renders the location of documents and other sources of proof only minimally important in the transfer analysis. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas."); *Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.), Inc.,* 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005) ("[T]echnological advancements have diminished traditional concerns related to ease of access to sources of proof.").

### 4. Convenience of counsel

MedImmune argues that WARF's attorneys' law firm (Perkins Coie LLP) has an office near Maryland, whereas MedImmune's lead attorney's law firm (McCarter & English, LLP) does not have an office in or near Wisconsin, and thus MedImmune must engage local counsel here. But if the case were transferred, WARF would not have to engage a separate firm to provide local counsel. Given the appearances in the record, however, one party's lead counsel would

have to travel no matter what. And MedImmune has already engaged capable local counsel. This factor counts in favor of transfer, but only minimally.

**B.  Interests of justice**

MedImmune fails to offer compelling reasons to transfer this case in the interests of justice. At least some of the interests of justice considerations weigh in favor of keeping this case in the Western District of Wisconsin. This court typically resolves cases significantly more quickly than MedImmune's proposed forum. MedImmune does not identify cases in its proposed forum that would be amenable to consolidation with this one. MedImmune does not contest that this court is familiar with Wisconsin law, which governs plaintiff's claims in this diversity case. However, MedImmune makes a good point that the case does not involve a complex area of the law, which reduces the significance of this last consideration.

MedImmune argues that Maryland's relationship to the controversy at issue is stronger than Wisconsin's. Dkt. 8, at 17-18, and Dkt. 29, at 9-10. MedImmune points to its involvement and investment in its community, Maryland's proximity to the nation's capital, the high number of federal employees in the area, and the fact that the suit involves a contract with the government. But WARF's connection to its community and Wisconsin's interest in the controversy is equally strong. Dkt. 13, at 23-24.

In sum, the court determines that the interests of justice slightly favor keeping the case in this district because of the relative speed of the docket.

CONCLUSION

This case could properly be heard in either forum, and one party will inevitably be somewhat inconvenienced by litigating out of its home forum. On balance, neither forum is

overwhelmingly more convenient, especially given the realities of modern litigation. The interests of justice modestly favor this forum. Under these circumstances, MedImmune has not met its burden to show that WARF's choice of its home forum should be disrupted.

ORDER

IT IS ORDERED that:

Defendant MedImmune, LLC's motion to transfer, Dkt. 8, is DENIED.

Entered this 14th day of November, 2014.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge